IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**PABLO E. LEON and IRENE S. RODRIGUEZ**,

    Plaintiffs,

    v.

**OWNIT MORTGAGE SOLUTIONS, INC., et al.**,

    Defendants.

No. 3:10-cv-00460-MO

OPINION AND ORDER

**MOSMAN, J.**,

Defendants Litton Loan Servicing, LP, the Bank of New York-Mellon, Mortgage Electronic Registration Systems, Inc. ("MERS"), and LSI Title Company of Oregon, LLC move to dismiss a complaint filed by pro se plaintiffs Pablo Leon and Irene Rodriguez. For the reasons addressed herein, defendants' motions to dismiss [19] [22] [24] [41] are GRANTED.

## BACKGROUND

Plaintiffs filed a 12 count complaint on April 22, 2010, in the United States District Court for the District of Oregon. On July 2, 2010, the Judicial Panel on Multidistrict Litigation transferred the case to the United States District Court for the District of Arizona as a tag-along action to *In re Mortgage Electronic Registration Systems, Inc. Litigation*, No. 2:09-md-2119-JAT (D. Ariz.). The Panel simultaneously remanded claims 5, 6, and 7, and part of claims 8, 9, and 12 back to this court, noting that the claims were unrelated to the formation and/or operation of the MERS system.

1 – OPINION AND ORDER

On July 21, 2010, Ms. Rodriguez filed for Chapter 7 bankruptcy in the US Bankruptcy Court for the District of Oregon under her married name, "Irene Leon." Case No. 10-36877-tmb7. The bankruptcy court granted Ms. Rodriguez a discharge under 11 U.S.C. § 727 on October 25, 2010.

## I.  Standing of Plaintiff Irene Rodriguez to Bring This Claim

Irene Rodriguez filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the District of Oregon, and as such, she has no standing to bring the causes of action in this case. The "commencement" of Ms. Rodriguez's bankruptcy case created an "estate…comprised of all…legal or equitable interests of the debtor in property." 11 U.S.C. § 541(a)(1). "Causes of action are among such legal or equitable interests." *Turner v. Cook*, 362 F.3d 1219, 1226 (9th Cir. 2004) (citing *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 707 (9th Cir. 1986)). Once a cause of action becomes property of the estate, the bankruptcy "trustee steps into the shoes of the debtor for the purposes of asserting or maintaining the debtor's causes of actions." *In re Rare Coin Galleries of Am., Inc.*, 862 F.2d 896, 901 (1st Cir. 1988).

"[T]he debtor has a duty to prepare schedules carefully, completely, and accurately." *Cusano v. Klein*, 264 F.3d 936, 946 (9th Cir. 2001). Ms. Rodriguez filed for bankruptcy three months after she filed the complaint in this case, and at the time of both filings, she was represented by the same law firm. It is clear then that her causes of action in the latter had accrued by the time of her filing the former, thus rendering these causes of action "legal or equitable interests." Nonetheless, Ms. Rodriguez failed to indicate the causes of action as required on her Schedule B. (Request for Judicial Notice (#21) Ex. B at 13) ("RJN"). Consequentially, the bankruptcy court granted Ms. Rodriguez a discharge under 11 U.S.C. §727 without notice of the claims in this case. (RJN (#21) Ex. C).

At the close of bankruptcy, all assets properly scheduled, and not otherwise administered by the trustee, are "abandoned to the debtor." 11 U.S.C. § 554(c). However, if the debtor "fail[s] properly to schedule an asset, including a cause of action, that asset continues to belong to the bankruptcy estate" and does not revert to the debtor. *Cusano*, 264 F.3d at 945-46. Ms. Rodriguez's causes of action in this case belong to the bankruptcy estate. Accordingly, Ms. Rodriguez has no standing to bring this claim, and the causes of action are dismissed as to her.

I do reach the merits of the following causes of action with regard to Pablo Leon.

## STANDARDS

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic v. Twombley*, 550 U.S. 544, 570 (2007)). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

The court construes pro se pleadings "liberally," affording plaintiffs the "benefit of any doubt." *Hebbe v. Plier*, 627 F.3d 338, 342 (9th Cir. 2010). However, a court need not accept as true legal conclusions, as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.

## DISCUSSION

I begin by separating the factual allegations in the complaint from the legal conclusions that are not entitled to the assumption of truth. *Iqbal*, 129 S. Ct. at 1950-51. Plaintiff indicates that he entered into a home loan in connection with the purchase of property, and that the loan's origination, as well as subsequent foreclosure proceedings, were unlawful. In the remainder of

the complaint however, plaintiff fails to support several legal conclusions with facts, as well as fails to clearly indicate which allegations are being asserted against which defendants.

Rule 8 does not require "'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id*. at 1949 (quoting *Twombley*, 550 U.S. at 555). The dearth of factual allegations, "accepted as true," do not "state a claim to relief that is plausible on its face." *Id*.

Accordingly, plaintiff's complaint is dismissed, without prejudice, and with leave to amend. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988)(pro se litigant must be given leave to amend complaint unless it is "absolutely clear" the deficiencies could not be cured). I will attempt to instruct plaintiff as to the deficiencies of his complaint. *Id*. (district court provides pro se plaintiff statement of the complaint's deficiencies before dismissing for failure to state a claim).

**I.    Claim 5 (15 U.S.C. §1601) and Claim 6 (12 C.F.R. §226.17): Truth in Lending Act ("TILA")**

Plaintiff's TILA claims arise out of the origination of his loan, and thus, they may be time-barred as TILA claims are subject to a one-year statute of limitations. *King v. State of Cal.*, 784 F.2d 910, 914 (9th Cir. 1986) (TILA regulations, legislative history "evince a congressional intent to terminate liability one year after consummation of the loan contract"). Plaintiff's loan contract was consummated on July 18, 2005, and thus, plaintiff's TILA claims have been filed almost four years after the expiration of the statute of limitations (Compl. (#1) ¶ 12). However, when appropriate, equitable tolling suspends "the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." *King*, 784 F.2d at 915. Plaintiff is advised to proffer evidence which would make equitable tolling appropriate in this case, if such evidence exists.

Additionally, a borrower may only state a claim for damages under TILA against a "creditor." 15 U.S.C. § 1640. For the purposes of TILA, a creditor is defined as a person who both "regularly extends…consumer credit," and "is the person to whom the debt arising from the consumer credit transaction is initially payable." 15 U.S.C. § 1602(f). Plaintiff alleges that MERS is a "nominee" and "beneficiary" under the deed of trust, as opposed to someone who regularly extends consumer credit and is first in line for payment. (Compl. (#21) ¶16).

## II.   Claim 7: Regulation X Under Real Estate Settlement Procedures Act (24 C.F.R. §3500) ("RESPA")

Plaintiff alleges that certain defendants violated RESPA by not providing plaintiff with required disclosures including: "(a) Servicing Transfer; (b) Adjustable Rate Booklet; (c) Right to Copy of Appraisal; and (d) Federal Equal Opportunity." (Compl. ¶¶ 52(a)-(d)). Plaintiff brings this claim under 24 C.F.R. §3500 but does not allege a specific violation of RESPA. Moreover, because these allegations appear to relate to the origination of plaintiffs' mortgage loan, plaintiff must be aware that RESPA claims have between a one and three-year statute of limitations. 12 U.S.C. § 2614.

## III.   Claim 8: Oregon Unfair and Deceptive Trade Practices Act ("UTPA")

It is possible that plaintiff's UTPA allegations are time-barred. "Actions brought under this section shall be commenced within one year from the discovery of the unlawful method, act or practice." Or. Rev. Stat. § 646.638(6). Because plaintiff filed his complaint on April 22, 2010, any unlawful acts that were discovered before April 22, 2009, are time-barred and not actionable in a UTPA claim here. Plaintiff alleges UTPA violations in connection with the origination of his loan and foreclosure of his deed of trust. (Compl. (#1) ¶ 55, subsections 9, 10, 11, 13, 15); (*Id*. at ¶ 55, subsections 7, 8, 12, 14, 18, 23). Plaintiff's loan was originated on July 18, 2005. (*Id*. at ¶¶ 12). LSI served notice of an impending foreclosure sale of plaintiff's property on plaintiff on

5 – OPINION AND ORDER

March 17, 2009. (*Id*. at ¶¶ 17, 19). In an amended complaint, plaintiff should plead facts suggesting that he discovered the alleged UTPA violations after April 22, 2009.

Moreover, plaintiff failed to allege that he suffered "ascertainable loss" as "a result of" defendant's alleged UTPA violations pursuant to Or. Rev. Stat. § 646.638(1). Plaintiff alleges suffering "economic loss, including defending enforcement default/ foreclosure proceedings, attorneys' fees and other damages." (Compl. (#21) ¶56). The Oregon Appellate Court holds that "the money spent to prevent a potential ascertainable loss under the UTPA is not itself an 'ascertainable loss of money or property, real or personal, as a result of' a violation of the statute." *Paul v. Providence Health Sys.-Oregon*, 240 P.3d 1110, 1122 (Or. Ct. App. 2010).

Next, allegations 7, 9, 10, 11, 13, 15, and 22 relate to origination or modification of plaintiffs' mortgage loan, and at the time these claims are alleged to have occurred, the UTPA did "not apply to loans or extensions of credit." *Lamm v. Amfac Mortg. Corp.*, 605 P.2d 730, 731 (Or. Ct. App. 1980)(court concluded that because UTPA does not apply to loans or extensions of credit, they did not have to decide whether the complaint adequately alleged the making of false or misleading representations).

Lastly, the majority of plaintiff's allegations with regard to the UTPA are a "formulaic recitation of the elements of a cause of action." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). Plaintiff will only be able to state a claim for relief if he provides "further factual enhancement," although an amended complaint will continue to be given the benefit of the doubt. *Id*.

### IV.   Claim 9: Oregon Unlawful Debt Collection Practices Act ("OUDCPA")

Plaintiff's OUDCPA claim may be time-barred. Actions brought under the OUDCPA must be "commenced within one year from the date of the injury." Or. Rev. Stat. § 646.641(3).

6 – OPINION AND ORDER

Plaintiff's allegations arise out of the foreclosure of his home, but he does not indicate when these injuries occurred. The statute of limitations under the OUDCPA is different than the one imposed by the UTPA, in that the former's concerns when the injury actually occurred, rather than when it was discovered. Defendant argues that any injury related to foreclosure proceedings had to have occurred by March 17, 2009, as discussed above, but plaintiff's general allegations indicate that said proceedings may have continued beyond this date.

This claim also sufferers from the same flaws as the complaint in general. (Compl. (#21) ¶ 55(a)-(d)). Rule 8 does not require "'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).

V.    **Claim 12: Intentional Infliction of Emotional Distress**

In order to state a claim for intentional infliction of severe emotional distress, a plaintiff must plead that (1) the defendant intended to inflict severe emotional distress on the plaintiff, (2) the defendant's acts caused plaintiff's severe emotional distress, and (3) the defendant's acts constituted an extraordinary transgression of the bounds of socially tolerable conduct." *McGanty v. Staudenraus*, 901 P.2d 841, 849 (Or. 1995).

Plaintiff pleads "several labels and conclusions" in support of his claim," but fails to "allege specific facts" suggesting that defendants' conduct transgressed the bounds of socially tolerable conduct. *Fisher v. Bank of Am. Home Loans*, No. 10-3079-PA, 2010 WL 4296609, at *4 (D. Or. Oct. 21, 2010) (citing *Twombly*, 550 U.S. at 555).

**CONCLUSION**

Defendant Litton Loan Servicing, LP's motion to dismiss [19] is GRANTED. Defendant the Bank of New York Mellon's motion to dismiss [22] is GRANTED. Defendant MERS'

motion to dismiss is GRANTED [24]. Defendant LSI Title Company of Oregon, LLC's motion to dismiss is GRANTED [41]. This case is dismissed with prejudice as to Ms. Rodriguez. Plaintiff Pablo Leon's complaint [1] is dismissed without prejudice. Mr. Leon is granted 30 days from the date of this order to file an amended complaint.

IT IS SO ORDERED.

DATED this   22nd   day of September, 2011

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court